**SO ORDERED.**

**SIGNED this 30 day of November, 2006.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **GEORGE GORDON BRIDGERS** | **06-03055-8-RDD** |
| **DEBTOR** | |

**ORDER DENYING MOTION FOR RELIEF FROM STAY
AND MOTION TO DECLARE OPTION VOID**

The matters before the court are the motion for relief from stay and motion to declare option void filed by Roland Mohesky and Shirley Mohesky. A hearing was held in Wilson, North Carolina on November 29, 2006.

These motions stem from an agreement, entitled "Option to Purchase," ("the option") between Mr. Mohesky and the debtor which was entered into on March 1, 2004. The agreement allowed Mr. Bridgers to purchase the subject property located in Edgecombe County ("the property") for $45,000.00. It allowed for an interest rate of 10% and specified that the lease payments made by Mr. Bridgers would be applied to the purchase price, after the deduction of taxes, interest and fees. Pursuant to the option, Mr.

Bridgers could tender the remaining balance, at which time Mr. Mohesky would deed the property to Mr. Bridgers. The option also stated that a default on the lease agreement would void the option.

Testimony was heard from both Mr. Mohesky and Mr. Bridgers regarding the agreement and their respective interpretations of the agreement. The testimony of both parties agreed that Mr. Bridgers began renting the property from Mr. Mohesky in December 2001 for $250.00 per month. Mr. Bridgers approached Mr. Mohesky regarding the possibility of purchasing the property. Because Mr. Bridgers was unable to obtain financing for the purchase of the property, the parties entered into the option, at which time Mr. Bridgers' monthly obligation increased to $500.00.

Mr. Mohesky testified that the parties had an oral lease agreement which was referred to in the option. That lease agreement increased the monthly rent from $250.00 to $500.00 because the original lease included only the mobile home located on the property and the new lease included access to the seventeen acres upon which the mobile home was situated. Mr. Mohesky further testified that Mr. Bridgers defaulted on the lease in September 2004 when he failed to make his required monthly payment under the terms of the lease. At that time, Mr. Mohesky considered the option to be void because of the default. However, he did not give a notice of default to Mr. Bridgers, nor did he notify him that the option was terminated. Mr. Mohesky also continued to accept payments from Mr. Bridgers after September 2004. On September 1, 2006, after several months of missed payments, Mr. Mohesky had his attorney send a letter to Mr. Bridgers notifying him of his default and requesting that he vacate the property to avoid an action for summary ejectment.

Mr. Bridgers testified that at the time the parties entered into the option, he considered himself to be the owner of the property. He considered the increase in monthly payments to be because of his

purchasing the property rather than leasing it. Mr. Bridgers further testified that he made improvements to the property after the option was signed that he would not have made if he had been only leasing the property. Mr. Bridgers testified that it was his understanding that the property was his unless he became 90 days delinquent in payments.

It is the law of North Carolina that installment land sales contracts are to be treated as mortgage contracts. Lamberth v. McDaniel, 131 N.C.App. 319, 506 S.E.2d 295 (1998). As in the case of In re Robinson, Case No. 03-08856-8-ATS (Bankr. E.D.N.C. December 31, 2003), the debtor in this case was in possession of the property, was making payments to be applied toward the purchase of the property, and the agreement between the parties contemplated the transfer of the property to the debtor. In Robinson, the court found that because the debtor "has the same general rights as a mortgagor under a traditional mortgage, he is entitled to cure the arrearage through the plan so long as he maintains his postpetition payments, and relief from the automatic stay is not appropriate at this time." Id., slip op. at 3.

The court finds that the option entered into by the parties on March 1, 2004 shall be construed against the Moheskys, as the drafters of the instrument. The option has all of the attributes of a valid land sales contract and, pursuant to North Carolina law, shall be treated as a mortgage contract for purposes of determining the rights of Mr. Bridgers.

Based on the foregoing, the Moheskys' motion to declare the option void and motion for relief from stay are **DENIED**. The October 2006 and November 2006 payments previously made by Mr. Bridgers,

and being held in trust by counsel for the Moheskys, shall be released to the Moheskys immediately. The continuation of the automatic stay is conditioned on the following:

1. For a period of eighteen months beginning December 1, 2006, all payments made by Mr. Bridgers to the Moheskys must be received within ten days from the due date.

2. If any payment is received later than ten days from the due date, the automatic stay shall be lifted as to the Moheskys without further hearing, and they may pursue any legal remedies available to them.

**SO ORDERED**.

**END OF DOCUMENT**